TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00333-CV







In re Paul West Kimmell


 




ORIGINAL PROCEEDING FROM BURNET COUNTY







 Paul West Kimmell has filed this original proceeding within this cause number
denoting his appeal of the district court's dismissal of his cause of action against Ina Cooper, Tammy
L. Smith, and William Joel Johnston. Kimmell filed this original proceeding in response to a query
from this Court's clerk inquiring why he had neither paid nor made arrangements to pay for the
clerk's record in the appeal. By this petition, he seeks a trial de novo of several issues, some of
which might be considered as part of the appeal and some of which are outside our jurisdiction.

 The state constitution describes this Court's jurisdiction as follows:


 Said Court of Appeals shall have appellate jurisdiction co-extensive with the limits
of their respective districts, which shall extend to all cases of which the District
Courts or County Courts have original or appellate jurisdiction, under such
restrictions and regulations as may be prescribed by law. . . . Said courts shall have
such other jurisdiction, original and appellate, as may be prescribed by law. 


Tex. Const. art. 5, § 6. The constitution permits the legislature to "confer original jurisdiction on
the Supreme Court to issue writs of quo warranto and mandamus in such cases as may be specified,
except as against the Governor of the State." Id. art. 5, § 3. The legislature has done so. See Tex.
Gov't Code Ann. § 22.002(a) (West 1998). 

 Three statutes further detail this Court's jurisdiction. Texas Government Code
§ 22.220 provides:



 Each court of appeals has appellate jurisdiction of all civil cases within its
district of which the district courts or county courts have jurisdiction when the
amount in controversy or the judgment rendered exceeds $100, exclusive of
interest and costs.

 If a court of appeals having jurisdiction in a case, matter, or controversy that
requires immediate action is unable to take immediate action because the illness,
absence, or unavailability of the justices causes fewer than three members of the
court to be present, the nearest available court of appeals, under rules prescribed
by the supreme court, may take the action required in the case, matter, or
controversy.

 Each court of appeals may, on affidavit or otherwise, as the court may
determine, ascertain the matters of fact that are necessary to the proper exercise
of its jurisdiction.


 


Tex. Gov't Code Ann. § 22.220 (West 1988). Texas Government Code section 22.221 states:




 Each court of appeals or a justice of a court of appeals may issue a writ of
mandamus and all other writs necessary to enforce the jurisdiction of the court.

 Each court of appeals for a court of appeals district may issue all writs of
mandamus, agreeable to the principles of law regulating those writs, against a:




 
 judge of a district or county court in the court of appeals district; or

 judge of a district court who is acting as a magistrate at a court of inquiry
under Chapter 52, Code of Criminal Procedure, in the court of appeals
district.

 
 Repealed by Acts 1987, 70th Leg., ch. 148, § 2.03, eff. Sept. 1, 1987.

 Concurrently with the supreme court, the court of appeals of a court of appeals
district in which a person is restrained in his liberty, or a justice of the court of
appeals, may issue a writ of habeas corpus when it appears that the restraint of
liberty is by virtue of an order, process, or commitment issued by a court or
judge because of the violation of an order, judgment, or decree previously made,
rendered, or entered by the court or judge in a civil case. Pending the hearing
of an application for a writ of habeas corpus, the court of appeals or a justice of
the court of appeals may admit to bail a person to whom the writ of habeas
corpus may be granted.




Id. § 22.221. Texas Code of Criminal Procedure article 4.03 provides:

 

 The Courts of Appeals shall have appellate jurisdiction coextensive with the limits
of their respective districts in all criminal cases except those in which the death
penalty has been assessed. This Article shall not be so construed as to embrace any
case which has been appealed from any inferior court to the county court, the county
criminal court, or county court at law, in which the fine imposed by the county court,
the county criminal court or county court at law does not exceed one hundred dollars,
unless the sole issue is the constitutionality of the statute or ordinance on which the
conviction is based.



Tex. Code Crim. Proc. Ann. art. 4.03 (West Supp. 2001). 

 Most of Kimmell's requested relief emanates from his contention that District Judge
Guilford Jones, District Clerk Kathy Barrow, and Burnet City Attorney Mahon B. Garry, Jr. were
not authorized to act as they did in the district court because they have not taken the prescribed oath
of office from a person authorized to administer oaths. He requests both criminal and civil
proceedings.

 We lack the power to conduct the criminal proceedings that Kimmell requests. 
Kimmell inquires whether Barrow's filing of the judgment constituted fraud or collusion with the
other actors, whether such fraud or collusion should be prosecuted by the attorney general or the state
attorney, and whether subpoenas or arrest warrants should be issued. We do not have the power to
resolve these issues. Our criminal jurisdiction is appellate--the review of trial records created in
trial courts. See Tex. Code Crim. Proc. Ann. art. 4.03. We have no original criminal jurisdiction. 
We are without authority to indict persons, direct prosecutions, or conduct trials. We deny
Kimmell's requested relief in the criminal arena.

 Likewise, much of the relief Kimmell requests in the civil side is beyond our power. 
He questions the legality or validity of the pleadings filed by Garry, the judgment signed by Jones,
or the entry of the judgment into a record by Barrow. These issues, which arise from his concerns
over their authority to act as public officials, are properly the subject of a quo warranto proceeding
to determine their authority. As set out above and in our opinion in In re Kimmell, No. 03-01-00334-CV (Tex. App.--Austin, June 29, 2001), we do not have original jurisdiction over proceedings
seeking a writ of quo warranto. We therefore deny all relief requested related to the challenge to the
authority of the judge, clerk, or city attorney.

 We have the power to resolve some issues raised or relief requested by Kimmell, but
must do so in the context of the larger appeal, not this original proceeding within the appeal. 
Whether the judgment is reversible because Kimmell did not receive notice of the dismissal hearing
is an appellate issue. Similarly, the effect of the style of the judgment or the capitalization of words
within the judgment are subjects for appeal, not this original proceeding. We will not further address
such relief within the context of this original proceeding.

 We deny all relief by which Kimmell seeks to prompt a criminal prosecution or a
determination that the specified officials in the city and county of Burnet are improperly sworn into
office. Accordingly, we deny Kimmell's request that we join persons to this suit, assess a penalty,
or issue a writ of execution.

 We reserve for resolution on appeal the issues relating to notice of the hearing, the
appearance of the dismissal order, or any other issues Kimmell wishes to raise regarding the
merits of the dismissal order; this cause remains open for consideration of those issues. We
cannot consider those issues, however, without a clerk's record. Unless Kimmell pays for the
clerk's record by August 20, 2001, we will dismiss this appeal for want of prosecution.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Filed: August 9, 2001

Do Not Publish



 Roman"> 

 The Courts of Appeals shall have appellate jurisdiction coextensive with the limits
of their respective districts in all criminal cases except those in which the death
penalty has been assessed. This Article shall not be so construed as to embrace any
case which has been appealed from any inferior court to the county court, the county
criminal court, or county court at law, in which the fine imposed by the county court,
the county criminal court or county court at law does not exceed one hundred dollars,
unless the sole issue is the constitutionality of the statute or ordinance on which the
conviction is based.



Tex. Code Crim. Proc. Ann. art. 4.03 (West Supp. 2001). 

 Most of Kimmell's requested relief emanates from his contention that District Judge
Guilford Jones, District Clerk Kathy Barrow, and Burnet City Attorney Mahon B. Garry, Jr. were
not authorized to act as they did in the district court because they have not taken the prescribed oath
of office from a person authorized to administer oaths. He requests both criminal and civil
proceedings.

 We lack the power to conduct the criminal proceedings that Kimmell requests. 
Kimmell inquires whether Barrow's filing of the judgment constituted fraud or collusion with the
other actors, whether such fraud or collusion should be prosecuted by the attorney general or the state
attorney, and whether subpoenas or arrest warrants should be issued. We do not have the power to
resolve these issues. Our criminal jurisdiction is appellate--the review of trial records created in
trial courts. See Tex. Code Crim. Proc. Ann. art. 4.03. We have no original criminal jurisdiction. 
We are without authority to indict persons, direct prosecutions, or conduct trials. We deny
Kimmell's requested relief in the criminal arena.

 Likewise, much of the relief Kimmell requests in the civil side is beyond our power. 
He questions the legality or validity of the pleadings filed by Garry, the judgment signed by Jones,
or the entry of the judgment into a record by Barrow. These issues, which arise from his concerns
over their authority to act as public officials, are properly the subject of a quo warranto proceeding
to determine their authority. As set out above and in our opinion in In re Kimmell, No. 03-01-00334-CV (Tex. App.--Austin, June 29, 2001), we do not have original jurisdiction over proceedings
seeking a wr